SETTLE, J. dissenting.
The following is the case as settled and sent up to this Court:
The plaintiffs applied for an injunction, restraining the defendants from collecting certain taxes, and his Honor directed the restraining order to be issued by the Clerk upon his taking the proper bonds, c., and that defendants should be notified to appear and show cause, c. Defendants appeared and insisted that the injunction should be dissolved, for the following reasons:
1. That the bond was insufficient, for the reason that there was but one surety. This the Court overruled, and the defendants excepted.
2. That the security, although he had himself justified, was insufficient. Evidence being submitted by defendants, to show that (727) the security was insufficient, and by the plaintiffs to the contrary. His Honor adjudged that the security offered was sufficient, upon which defendants again excepted.
The Court found the following facts: The county of Currituck, *Page 583 
before the war and by proper authority, had issued coupon bonds to the amount of fifty thousand dollars, running thirty years, with interest payable semi-annually. A large amount of interest had accrued and many suits had been brought to recover the value of the coupons. Judgments were obtained, and a peremptory mandamus issued to the Commissioners, to levy a tax to pay the same. In obedience to this peremptory writ, and by a special Act of the General Assembly, a special tax of five thousand dollars was levied to pay the interest. In levying this tax, the Commissioners governed themselves by the equation of taxation, and levied the same amount upon the poll as upon every three hundred dollars' worth of property. The result of this levy was that the poll tax, including the poll tax levied for school purposes and for the maintenance of the poor, exceeded largely the sum of two dollars on the poll. His Honor being of opinion that this levy of a poll tax exceeding two dollars on the poll, was unconstitutional, and that no poll tax of any amount could be levied for any other purpose, save that of carrying on the public schools and maintaining the poor, as to the excess, directed the injunction to be made perpetual, restraining the defendants from collecting any excess of two dollars on the poll.
From this judgment, defendants appealed.
The questions presented in this case, are all decided in the case ofStreet v. Commissioners of Craven, ante 644, at this term, with one exception.
The levy was there objected to, because the Commissioners had laid no tax, or a merely nominal one on polls, and two dollars on the one hundred dollars value of property, to pay a debt of the (728) county incurred before 1868. Here the objection is that the Commissioners have laid a tax on polls in the proportion to that on property which the Constitution prescribes for ordinary State and county purposes. In that case, it was held that it was not the intention or effect of the Constitution, to impose any restraints on the power of the county authorities, either in the way of limitation of the maximum, or in the way of proportion or equation between the taxes on polls and property, but that they had a discretion. Consequently the levy in that case was held good. As there is nothing in the Constitution, which prohibits the Commissioners of a county, from taxing polls to pay a *Page 584 
county debt incurred before 1868: so there is nothing fixing a maximum of taxation for such a purpose. The obligation to pay the debt is recognized; all the subjects of taxation are liable to it, and it is within the discretion of the Commissioners to regulate assessment both as to amounts and subjects, according to their views of equity and good policy.
PER CURIAM. Injunction dissolved and case remanded.
Defendants will recover costs in this Court.